1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:       matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   LAFACE RECORDS LLC; ELEKTRA
7  ENTERTAINMENT GROUP INC.; UMG
   RECORDINGS, INC.; and WARNER
8  BROS. RECORDS INC.

9                      UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF CALIFORNIA
10                            OAKLAND DIVISION
11

12 | LAFACE RECORDS LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and WARNER BROS. RECORDS INC., a Delaware corporation, | CASE NO. 4:07-CV-04847-SBA |
   |---|---|
   | | Honorable Saundra B. Armstrong |
   | | ***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |
   | Plaintiffs, | |
   | v. | |
   | JOHN DOE #4, | |
   | Defendant. | |

EX PARTE APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER
Case No. 4:07-cv-04847-SBA
#34904 v1

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint.  As further explained below, Plaintiffs believe they have discovered the identity of the Doe defendant in this case and have initiated settlement discussions; Plaintiffs thus seek additional time to effectuate service in the event the parties do not settle and Plaintiffs file a First Amended Complaint naming Defendant individually.  In support of their request, Plaintiffs state as follows:

1.  The current deadline for service of process is January 18, 2008.  The initial case management conference is set for April 9, 2008, at 2:45 p.m., as continued by the Court's Order of January 4, 2008 upon Plaintiffs' request.

2.  Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe #4 ("Defendant") on September 20, 2007.  Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, San Francisco State University.

3.  In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4.  The Court entered an Order for Leave to take Immediate Discovery on October 4, 2007, which was promptly served upon the ISP along with a Rule 45 subpoena.  On November 16, 2007, the ISP responded to Plaintiffs' subpoena, identifying Jennifer Lynn Glass and providing contact information including her telephone number and address.

5.  Upon receipt of this information from the ISP, Plaintiffs sent a letter to Ms. Glass notifying her of their claims for copyright infringement and encouraging her to make contact to attempt to amicably resolve this matter.  That letter was returned undelivered.  Since that time Plaintiffs have made further attempts to reach Ms. Glass and finally were able to speak with her by telephone regarding potential settlement options on January 2, 2008, and forwarded to her written notification of their claim.

1

1        6.     Plaintiffs wish to give Ms. Glass a reasonable period of time to conclude

2  negotiations aimed at resolving this case and should they fail to do so are prepared to file a First

3  Amended Complaint naming her as an individual defendant.

4        7.     Given the circumstances of this case, Plaintiffs respectfully request an

5  additional 90 days to effectuate service.

6        8.     Plaintiffs submit that their efforts to give written notice to Ms. Glass of their

7  claim and subsequent efforts to resolve the case without further litigation constitute good cause for

8  any delay in perfecting service. *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479

9  (N.D. Ga. 1997) (stating good cause standard for service extensions).  This Court has discretion to

10 enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517

11 U.S. 654, 658 n. 5 (1996).  Here, Plaintiffs have acted in good faith to try to settle this matter with

12 Ms. Glass without potentially damaging her credit by naming her in the suit as well as attempting to

13 avoid the cost of further litigation for both parties.  Moreover, unlike a traditional case in which the

14 defendant is known by name and efforts to serve can begin immediately after filing the complaint, in

15 this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP.

16       9.     Because the copyright infringements here occurred in 2007, the three-year

17 limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000).  There can thus

18 be no prejudice to Defendant from any delay in serving the Complaint.

19       10.    Plaintiffs will provide Defendant with a copy of this request and any Order

20 concerning this request when service of process occurs.

Dated: January 16, 2008                                    HOLME ROBERTS & OWEN LLP

                                                                 By:  _____*/s/ Matthew Franklin Jaksa*_____
                                                                        MATTHEW FRANKLIN JAKSA
                                                                        Attorney for Plaintiffs

**ORDER**

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to April 17, 2008.

Dated: 1/18/08                By: _____
                                  Honorable Saundra B. Armstrong
                                  United States District Judge