Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
Email:         matt.jaksa@hro.com

Attorneys for Plaintiffs,
LAFACE RECORDS LLC; ELEKTRA ENTERTAINMENT GROUP INC.; UMG RECORDINGS, INC.; and WARNER BROS. RECORDS INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| LAFACE RECORDS LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and WARNER BROS. RECORDS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER LYNN GLASS,<br><br>Defendant. | CASE NO. 4:07-CV-04847-SBA<br><br>Honorable Saundra Brown Armstrong<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT WITH PROCESS AND [PROPOSED] ORDER** |

Pursuant to Rules 4(m) and 6(b)(1)(A) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request an additional 60 days – until June 16, 2008 – to serve Defendant Jennifer Lynn Glass ("Defendant") with the Summons and First Amended Complaint.  In support of their request, Plaintiffs state as follows:

1.  Plaintiffs filed their initial Complaint against a John Doe defendant on September 20, 2007.  In order to obtain information sufficient to identify the Doe defendant, Plaintiffs also filed their *Ex Parte* Application for Leave to Take Immediate Discovery, seeking the Court's permission to serve a Rule 45 subpoena on Defendant's Internet Service Provider ("ISP").  On October 4, 2007, the Court issued its Order for Leave to Take Immediate Discovery, which was promptly served on the ISP along with a Rule 45 subpoena.  On November 16, 2007, the ISP responded to Plaintiffs' subpoena, identifying the Defendant, Jennifer Lynn Glass.

2.  After the ISP identified Ms. Glass, Plaintiffs sent her a letter notifying her of Plaintiffs' copyright infringement claim and inviting her to contact Plaintiffs to attempt to resolve the dispute.  Although that letter was returned undelivered, Plaintiffs made further attempts to reach Ms. Glass and were eventually able to initiate settlement talks and forward written notification of their claims.  The parties did not reach a settlement.

3.  Accordingly, Plaintiffs filed a First Amended Complaint on February 29, 2008, naming Ms. Glass individually as Defendant.

4.  Plaintiffs have since made attempts to personally serve Defendant with process, but have so far been unsuccessful.  Plaintiffs continue to attempt to serve Defendant.

5.  The current deadline for service of process expires on April 17, 2008.  While the case was still in the Doe stage, the Court issued a January 22, 2008 Order granting Plaintiffs' previous request for a 90-day extension of the service deadline.[1]  Given the circumstances of this case, Plaintiffs respectfully request an additional 60 days – until June 16, 2008 – to effectuate service, so that they may continue to attempt to serve Defendant.

---

[1] The Court has also twice granted continuances of the initial case management conference, which was originally scheduled for January 10, 2008, and is now scheduled for July 16, 2008.

6.     Plaintiffs' diligence in attempting to serve Defendant demonstrates "good cause" under Rule 4 for an extension of time for service. *See Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 275 (M.D. Fla. 1995) (finding good cause to expand the time limit for service where plaintiff made a "reasonable effort to serve defendant"); *see also Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions).  In addition, unlike a traditional case where the defendant is known by name and service attempts can begin immediately after the complaint is filed, in this case Plaintiffs first had to obtain Defendant's identity through the subpoena to the ISP.  This Court has discretion to enlarge the time to serve even where there is no good cause shown.  *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996).

7.     Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired.  *See* 17 U.S.C. § 507(b) (2000).  There can thus be no prejudice to the defendant from any delay in serving the Complaint.

8.     Plaintiffs will provide Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated:  April 17, 2008                                              HOLME ROBERTS & OWEN LLP


By:  _____*/s/ Matthew Franklin Jaksa*___
       MATTHEW FRANKLIN JAKSA
       Attorney for Plaintiffs

### [PROPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve Defendant with process be extended to June 16, 2008.


Dated:  _____          By:  _____
                                                           Honorable Saundra Brown Armstrong
                                                           United States District Judge