1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
   San Francisco, CA  94105-2994
3  Telephone:  (415) 268-2000
   Facsimile:  (415) 268-1999
4  Email:      matt.jaksa@hro.com
5
   Attorneys for Plaintiffs,
6  LAFACE RECORDS LLC; ELEKTRA
   ENTERTAINMENT GROUP INC.; UMG
7  RECORDINGS, INC.; and WARNER
   BROS. RECORDS INC.
8

9                UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
10                    OAKLAND DIVISION

11

12 LAFACE RECORDS LLC, a Delaware limited        CASE NO. 4:07-CV-04847-SBA
   liability company; ELEKTRA
13 ENTERTAINMENT GROUP INC., a Delaware          Honorable Saundra Brown Armstrong
   corporation; UMG RECORDINGS, INC., a
14 Delaware corporation; and WARNER BROS.        *EX PARTE* **APPLICATION TO EXTEND**
   RECORDS INC., a Delaware corporation,         **TIME TO SERVE DEFENDANT WITH**
15                                               **PROCESS AND  ORDER**
                  Plaintiffs,
16
17       v.

18 JENNIFER LYNN GLASS,

19
                  Defendant.
20

21

22

23

24

25

26

27

28

Ex Parte Application to Extend Service Deadline and [Proposed] Order
Case No. 4:07-cv-04847-SBA
#36846 v1

1    Pursuant to Rules 4(m) and 6(b)(1)(A) of the Federal Rules of Civil Procedure, Plaintiffs

2    respectfully request an additional 60 days – until June 16, 2008 – to serve Defendant Jennifer Lynn

3    Glass ("Defendant") with the Summons and First Amended Complaint.  In support of their request,

4    Plaintiffs state as follows:

5    1.    Plaintiffs filed their initial Complaint against a John Doe defendant on September 20,

6    2007.  In order to obtain information sufficient to identify the Doe defendant, Plaintiffs also filed

7    their *Ex Parte* Application for Leave to Take Immediate Discovery, seeking the Court's permission

8    to serve a Rule 45 subpoena on Defendant's Internet Service Provider ("ISP").  On October 4, 2007,

9    the Court issued its Order for Leave to Take Immediate Discovery, which was promptly served on

10   the ISP along with a Rule 45 subpoena.  On November 16, 2007, the ISP responded to Plaintiffs'

11   subpoena, identifying the Defendant, Jennifer Lynn Glass.

12   2.    After the ISP identified Ms. Glass, Plaintiffs sent her a letter notifying her of

13   Plaintiffs' copyright infringement claim and inviting her to contact Plaintiffs to attempt to resolve

14   the dispute.  Although that letter was returned undelivered, Plaintiffs made further attempts to reach

15   Ms. Glass and were eventually able to initiate settlement talks and forward written notification of

16   their claims.  The parties did not reach a settlement.

17   3.    Accordingly, Plaintiffs filed a First Amended Complaint on February 29, 2008,

18   naming Ms. Glass individually as Defendant.

19   4.    Plaintiffs have since made attempts to personally serve Defendant with process, but

20   have so far been unsuccessful.  Plaintiffs continue to attempt to serve Defendant.

21   5.    The current deadline for service of process expires on April 17, 2008.  While the case

22   was still in the Doe stage, the Court issued a January 22, 2008 Order granting Plaintiffs' previous

23   request for a 90-day extension of the service deadline.[1]  Given the circumstances of this case,

24   Plaintiffs respectfully request an additional 60 days – until June 16, 2008 – to effectuate service, so

25   that they may continue to attempt to serve Defendant.

26

27

28   _____

[1] The Court has also twice granted continuances of the initial case management conference, which was originally scheduled for January 10, 2008, and is now scheduled for July 16, 2008.

1

Ex Parte Application to Extend Service Deadline and [Proposed] Order
Case No. 4:07-cv-04847-SBA
#36846 v1

1     6.     Plaintiffs' diligence in attempting to serve Defendant demonstrates "good cause"

2 under Rule 4 for an extension of time for service.  *See Gambino v. Village of Oakbrook*, 164 F.R.D.

3 271, 275 (M.D. Fla. 1995) (finding good cause to expand the time limit for service where plaintiff

4 made a "reasonable effort to serve defendant"); *see also Matasareanu v. Williams*, 183 F.R.D. 242,

5 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions).  In addition, unlike a

6 traditional case where the defendant is known by name and service attempts can begin immediately

7 after the complaint is filed, in this case Plaintiffs first had to obtain Defendant's identity through the

8 subpoena to the ISP.  This Court has discretion to enlarge the time to serve even where there is no

9 good cause shown.  *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996).

10     7.     Because the copyright infringements here occurred in 2007, the three-year limitations

11 period for these claims has not expired.  *See* 17 U.S.C. § 507(b) (2000).  There can thus be no

12 prejudice to the defendant from any delay in serving the Complaint.

13     8.     Plaintiffs will provide Defendant with a copy of this request and any Order

14 concerning this request when service of process occurs.

15 Dated:  April 17, 2008               HOLME ROBERTS & OWEN LLP

17          By:  _____*/s/ Matthew Franklin Jaksa*___
               MATTHEW FRANKLIN JAKSA

18          Attorney for Plaintiffs

20          **ORDER**

21 Good cause having been shown:

22 **IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and

23 6(b)(1), Plaintiffs' time to serve Defendant with process be extended to June 16, 2008.

25 Dated:  _5/2/08          BY:  _Saundra B Armstrong_____

26          Honorable Saundra Brown Armstrong
          United States District Judge

2

Ex Parte Application to Extend Service Deadline and [Proposed] Order
Case No. 4:07-cv-04847-SBA
#36846 v1