**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| LAFACE RECORDS, LLC et al., | No. C 07-04847 SBA |
| Plaintiff, | **ORDER** |
| v. | **[Docket Nos. 36, 38]** |
| JENNIFER LYNN GLASS, | |
| Defendants. | |

Before the Court is the plaintiffs' Application for Default Judgment. The Court, having read and considered the papers presented by the plaintiffs, DENIES the application without prejudice, for the following reasons:

1. Plaintiffs allege Defendant was served with the Summons and Complaint on August 9, 2008, by substitute service and that, to date, Defendant has failed to file an answer or otherwise respond to the Complaint. Plaintiffs sent a letter to Defendant on September 3, 2008 regarding her failure to file an answer, but Defendant did not respond to this letter. Accordingly, Plaintiffs filed their Request to Enter Default on September 12, 2008.

2. The Request to Enter Default was denied on September 15, 2008, because the Proof of Service of the Summons and Complaint was incomplete. Plaintiffs re-filed their Request to Enter Default on October 6, 2008 and attached an Amended Proof of Service indicating the address at which Defendant had received substitute service, and also indicating that Defendant been served by mail at the address where substitute service was performed.

3. The clerk entered default against Defendant on October 9, 2008 and Plaintiffs served Defendant with a copy of the Clerk's Entry of Default on the same day. Plaintiffs then filed their Motion for Default Judgment against Defendant on October 30, 2008.

4. The Amended Proof of Service indicates that the process server, on one specific to attempt to

1  serve Defendant Glass on July 8, 2008, was told by resident of 12239 Toluca Dr., San
2  Ramon, California, that the defendant did not reside at that address and had not lived there
3  for years.
4  5. Substituted service, pursuant to California Code of Civil Procedure 415.20(b) provides that a
5  "summons may be served by leaving a copy of the summons and complaint at the person's
6  dwelling house, usual place of abode, usual place of business."
7  6. Because substituted service on the defendant was allegedly accomplished by Plaintiffs at an
8  address the process server had been told was not the defendant's dwelling house, the Court
9  does not find that Plaintiffs have provided proper notice to the defendant to support an entry
10  of default judgment against her.

IT IS HEREBY ORDERED THAT the Clerk's Notice of Entry of Default [Docket No. 36] shall be SET ASIDE, the plaintiffs shall have forty-five (45) days to serve the defendant at a place known to be her address, and to obtain entry of default, prior to refiling this motion. IT IS FURTHER ORDERED that the hearing on this Motion, currently set for January 20, 2009 at 1:00 p.m., is VACATED.

December 15, 2008

Saundra B. Armstrong
Saundra Brown Armstrong
United States District Judge

2